OPINION of the Court, by
Ch. J. Boyi/f..
This was an action upon the case, in which the plaintiff de-dared in substance, that the defendants for the consideration of g950, bargained and sold to him four slaves; and at the time of the sale warranted them to be sound and healthy; and by so warranting them to be sound >and healthy, falsely and fraudulently bargained and sold said slaves as sound and healthy, which said slaves were then and there unsound; and thus the said defendants falsely and fraudulently deceived the said plaintiff.
The defendant pleaded the general issue, on the trial of which the plaintiff produced in evidence a deed of bargain and sale of said slaves, containing a covenant 6f warranty that the slaves were sound; to the admission of which deed the defendants objected : but the court being divided in opinion, the objection was overruled, and the defendants excepted; and a verdict and *360 judgment having been given against them, they have brought the case to this court by writ of error.
Whether the deed of bargain and salé was admissible evidence or not, is the only question presented by the record.
That a deed is not admissible in support of an action upon the case, founded upon contract, is, as a general proposition, admitted by the counsel for the defendant in error to be correct; but it is contended that the declaration in this case is founded upon the fraud in the sale of the slaves, and not upon the contract of warranty ; and hence it is inferred that as the deed in such case was only matter of inducement, it was correctly admitted as evidence.
Were the premises assumed in this argument correct, the legality of the conclusion would not be controverted ; but the premises cannot be conceded to be correct,- for the contract of warranty is not only explicitly stated in the declaration, but the breach of the contract is sufficiently assigned to authorise a recovery ; and there is evidently no fact alleged from which fraud can be inferred. The attempt to infer fraud from the warranty that the slaves were sound, when they were not so, certainly cannot be justified : for a knowledge that the fact is different from what it is represented to be, is of the essence of fraud; and without a substantial allegation of such a knowledge, a declaration cannot be sufficient to authorise a recovery on the score of fraud. This doctrine has been repeatedly recognised by the decisions of this court, and is amply supported by English authorities. — See the case of Bacon vs. Brown (3 vol. 35) and the authorities there cited.
The judgment must be reversed with costs, and the cause remanded for new proceedings to be had not inconsistent with the foregoing opinion.